```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| WILLIAM RESTUCCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-11357-NMG |
| DOUBLEDAY BOOK CLUB & EVERY PERSONS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

For the reasons stated below, the Court orders that this action be dismissed for lack of subject matter jurisdiction.

BACKGROUND

On June 23, 2005, plaintiff William Restucci, a prisoner at MCI Norfolk, filed a complaint against "Double Day Book Club & Every Persons" ("Double Day"), as well as a motion for a preliminary injunction and an application to proceed without prepayment of the filing fee. Restucci provides a Pennsylvania address for Double Day.

In his complaint, Restucci alleges that in August 2004, he entered into a contract with Double Day in which he received seven books from Double Day in exchange for his promise to purchase four books from Double Day within two years. Restucci maintains that Double Day unfairly required Restucci to notify Double Day if Restucci did not want to receive a featured book each month. He claims that Double Day sent him books even when Restucci had given notice that he did not want them. Restucci

disputes the bill for $82.92 that Double Day has sent him. He also asserts that an application for life insurance included with his bill from Double Day "can be construed as a threat to the plaintiffs [sic] life." Compl. at 3. Restucci seeks injunctive relief and monetary relief in the amount of $1,000,000--$500,000 in punitive or "other monetary damages" and $500,000 in compensatory damages for "servere [sic] infliction of emotional distress." Id.

Restucci avers that this Court has jurisdiction over his action pursuant to "28 U.S.C. §1332; 42 U.S.C. §1983; Equal protection and Due process of the Fourteenth Amendment of the United States Constitution." Compl. at 1.

## DISCUSSION

In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCullock v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Moreover, "parties cannot confer subject matter jurisdiction on a federal court by waiver or consent." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003). Thus, if a district court discovers that it lacks subject matter jurisdiction over a pending action, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

It is clear from the face of the pleadings that the Court lacks subject matter jurisdiction to entertain the claims of

Restucci.

I.  Diversity Subject Matter Jurisdiction

Restucci alleges that jurisdiction is proper under 28 U.S.C. § 1332, which grants the district courts subject matter jurisdiction over civil actions where the matter in controversy is greater than $75,000 and the litigants are citizens of different states.

Assuming, arguendo, that Restucci and Double Day are citizens of different states, Restucci has not met the amount in $75,000 amount-in-controversy requirement for jurisdiction under 28 U.S.C. § 1332.  The framework for determining whether a cause of action satisfies the jurisdictional minimum was established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938).  The amount specified by the plaintiff controls for jurisdictional purposes, as long as that amount is asserted in good faith.  Id. at 288.  A court may dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum.  Id. at 289; accord Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Determining good faith in the amount-in-controversy context includes an objective analysis: whether anyone familiar with the law applicable to this claim could objectively view the claim as

3

being worth the jurisdictional minimum. <u>Jimenez Puig v. Avis Rent-a-Car Sys.</u>, 574 F.2d 37, 40 (1st Cir. 1978). The plaintiff has the burden of demonstrating that his claims meet the amount-in-controversy requirement. <u>Spielman</u>, 251 F.3d at 4.

    Here, Restucci seeks injunctive relief and monetary relief in the amount of $1,000,000 to $1,500,000. Despite Restucci's prayer for relief, this is a case where, "from the face of the pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover" a sum in excess of $75,000. <u>St. Paul Mercury</u>, 303 U.S. at 289. Under the facts alleged, where Restucci has alleged less than $100.00 in actual damages, it is impossible that the combined total of all damages to which Restucci might be entitled would come close to the jurisdictional $75,000, let alone the more exorbitant sum Restucci requests.[1] Because the amount of damages that the plaintiff may be entitled to appears to be far below the jurisdictional threshold of $75,000, this Court lacks diversity jurisdiction over plaintiff's claims. <u>See, e.g.</u>, <u>Jimenez</u>, 574 F.2d at 40 (then-existing amount-in-controversy requirement of $10,000 not met in claim for short-lived embarrassment and anger resulting from a car-rental clerk's public destruction of credit card and announcement that plaintiff had failed to pay his bills); <u>accord</u> <u>Spielman</u>, 251 F.3d at 5 (dismissing); <u>Tirado-Toro</u>

---

[1] The Court rejects Restucci's allegation that the insurance advertisement he received could reasonably be construed as a death threat.

v. Builder's Square, Inc., 986 F. Supp. 714, 716 (D. P.R. 1997) (dismissing; plaintiff's hand injury claims would not exceed jurisdictional threshold).

II. Federal Question Subject Matter Jurisdiction

Restucci did not allege that jurisdiction is proper under 28 U.S.C. § 1331, which vests the district courts with jurisdiction of civil actions arising under federal law. Nonetheless, because Restucci alleges that jurisdiction exists under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, the Court merely notes that Restucci's rights under the Fourteenth Amendment, are only implicated where state actors are responsible for the complained-of conduct, see, e.g., Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors."). Because Restucci has not alleged, nor does the complaint suggest in any way, that Double Day is a government actor, then Restucci's rights to be free from certain action by the government cannot be violated by Double Day's conduct.

III. Motions to Proceed In Forma Pauperis and for Preliminary Injunctive Relief

Because the court must dismiss this case for lack of subject matter jurisdiction, the motions of Restucci for preliminary injunctive relief and appointment of counsel are denied as moot.

CONCLUSION

For the reasons stated above, the court is without subject matter jurisdiction over this action and must dismiss it. The court therefore (1) orders that this action be dismissed for lack of subject matter jurisdiction; and (2) denies as moot the motions for preliminary injunctive relief and to proceed <u>in forma pauperis</u>.

This dismissal does not affect any claims Restucci may have against Double Day under state law.


   <u>10/11/05</u>                                     <u>s/ Nathaniel M. Gorton</u>
DATE                           UNITED STATES DISTRICT JUDGE